AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the

Western District of Texas

Received
OCT 25 2024
USMS W/TX
El Paso

| United States of America | ) | |
| v. | ) | Case No. **EP:24-M-04440-ATB** |
| | ) | |
| | ) | Case No. 2:24-mj-00896-NJK |
| | ) | |
| Xiaofei CHEN | ) | A true copy of the original, I certify, Clerk, U.S. District Court |
| *Defendant* | | |

By _PE_____
                                                                Deputy

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   Xiaofei CHEN                                                         ,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☒ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

21 USC 843(a)(5) Prohibited Acts C- Unlawful acts it shall be unlawful for any person knowingly or intentionally make, distribute or possess any punch, die, plate, stone, or other thing designed to print, imprint, or reproduce the trademark, trade name, or other identifying mark, imprint, or device of another or any likeness of any of the foregoing upon and drug or container or labeling thereof so as to render such drug a counterfeit substance, 21USC 843(a)(7) to manufacture, distribute, export, or import any three-neck round bottom flask, tableting machine, encapsulating machine, or gelatin capsule, or any equipment, chemical, product, or material which may be used to manufacture a controlled substance or listed chemical, knowing, intending, or having reasonable cause to believe, that it will be used to manufacture a controlled substance or listed chemical in violation of this subchapter or subchapter II or, in the case of an exportation, in violation of this subchapter or subchapter II or of the laws of the country to which it is exported and 21USC846 Attempt and Conspiracy- Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt of the conspiracy.

Date: __10/25/2024__ 08:55 AM

_____
*Issuing officer's signature*

City and state:     El Paso, Texas

Anne T. Berton, U.S., Magistrate Judge
*Printed name and title*

| Return | | |
|---|---|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . | | |
| Date: _____ | _____ *Arresting officer's signature* | |
| | _____ *Printed name and title* | |

Warrant sworn to telephonically on
October 25, 2024 at 08:55 AM and signed
electronically. **FED.R.CRIM.P. 4.1(b)(2)(A)**

AO 91 (Rev. 11/11)  Criminal Complaint

**FILED**

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

October 25, 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _Pablo Chapablanco_
DEPUTY

|  |  |
|---|---|
| United States of America | ) |
| v. | ) |
| Xiaofei CHEN | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |

Case No. 2:24-mj-00896-NJK

Case No. **EP:24-M-04440-ATB**

A true copy of the original, I certify,
Clerk, U.S. District Court

By _____

Deputy

_Defendant(s)_

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___March 20, 2020 to present___ in the county of ___El Paso___ in the

___Western___ District of ___Texas___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 843(a)(5) | Prohibited Acts C- Unlawful acts it shall be unlawful for any person knowingly or intentionally make, distribute or possess any punch, die, plate, stone, or other thing designed to print, imprint, or reproduce the trademark, trade name, or other identifying mark, imprint, or device of another or any likeness of the foregoing upon and drug or container or labeling thereof so as to render such drug a counterfeit substance. |
| 21 USC 843(a)(7) | To manufacture, distribute, export, or import any three-neck round bottom flask, tableting machine, encapsulating machine, or gelatin capsule, or any equipment, chemical, product, or material which may be used to manufacture a controlled substance or listed chemical, knowing, intending, or having reasonable cause to believe, that it will be used to manufacture a controlled substance or listed chemical in violation of this subchapter or subchapter II or, in the case of an exportation, in violation of this subchapter or subchapter II or of the laws of the country to which it is exported. |
| 21 USC 846 | Attempt and Conspiracy- Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt of the conspiracy. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_Kathy McGlone_
_Complainant's signature_

**Complaint sworn to telephonically on**
___October 25, 2024___ **at** ___08:55 AM___ **and signed**
**electronically. FED.R.CRIM.P. 4.1(b)(2)(A)**

HSI SA Kathy McGlone
_Printed name and title_

_Anne J. Berton_
_Judge's signature_

Date: ___10/25/2024___

City and state: ___El Paso, Texas___

Anne T. Berton, U.S. Magistrate Judge
_Printed name and title_

Affidavit

In October 2021, Homeland Security Investigations (HSI) El Paso initiated an investigation targeting Chinese pill press manufacturers selling pill press equipment to individuals who mass produce counterfeit medications laced with fentanyl. A pill press machine (also called a tableting machine) is a mechanical device that compresses powder into tablets or pills by running the powder through a machine fitted with a die mold. The die mold determines the shape and markings on the tablet. Pill presses vary in size and capacity and are able to produce approximately 1,800 pills per hour to over 24,000 pills per hour depending on the model. A similar type of device is an encapsulating machine which packs the powder into a gelatin capsule instead of pressing the powder into a pill. There are also different sizes and models of encapsulating machines and the amount of capsules produced hourly depends on the specific model of the encapsulating machine. Originally, pill press machines and encapsulating machines were used for legitimate pharmaceutical purposes however, the opioid crisis has created a market for drug traffickers to profit from manufacturing counterfeit medications, some of which are laced with fentanyl. The die mold is the tool used in a pill press to shape the powder into a specific form and can be made in any shape or design. For example, a M30 pill is a round shaped oxycodone pill which is a Schedule II controlled substance. The M30 die mold has a "M" in the center on one side and a "30" on the other side. HSI Agents conducted open-source research with the United States Patent and Trademark Office's online database. According to the database records, the "M" placed in a square on the M30 pills is trademarked by Mallinckrodt Pharmaceuticals. Lastly, it is known to HSI Agents that these die molds are purchased by individuals who manufacture and distribute counterfeit pharmaceutical pills to include those laced with fentanyl.

Pill press and encapsulating machines are regulated in the U.S. and require a DEA Form 452-Import, Export, or domestic Transaction of Tableting and Encapsulating Machines. The DEA Form 452 must be filed 15 calendar days before the anticipated arrival at the port of entry or port of export. According to the U.S. Department of Justice DEA Reporting for Regulated Machines, the Import/Export Section administers and monitors DEA's Import and Export program for controlled substances, chemicals, and transactions of regulated machines. Regulated transactions include domestic distribution, importation, or exportation of a tableting machine or encapsulating machine. Regulated machines include tableting and encapsulating machines ranging from manual, semi-automatic, and fully automatic equipment. Violating the above requirements is a violation of Code of Federal Regulations Title 21 Part 1310- Records and reports of listed chemicals and certain machines; importation and exportation of certain machines.

In September 2022, HSI Special Agent (SA) Kathy McGlone (hereafter referred to as affiant) began an investigation on a Chinese based company that is affiliated with a U.S. based company located in California. Both companies' websites advertise the sale of pill press equipment and encapsulating equipment and listed Sophie CHEN as a U.S. sales representative with a China based phone number ending in 7122 (hereafter referred to as CH7122) as a contact phone number. Throughout the course of the investigation agents have visited both websites on a

regular basis. Agents observed a photo on each website introducing the sales team. Based on U.S. issued Visa photos, agents identified CHEN, "Monica," and "Alex" in the photo along with other unidentified sales representatives.

On April 14, 2023, Xiaofei "Sophie" CHEN flew from China to the Dallas/Fort Worth International Airport located in the Northern District of Texas. The affiant was on site to interview CHEN upon her arrival. During the interview, which was conducted in the English language, CHEN stated she has been employed as a sales representative for a China based pill press/encapsulating manufacturing company for eight years. CHEN outlined the company's policies on selling encapsulating and pill press equipment to U.S. based customers.

Initially CHEN stated her customers must apply for the DEA Form 452 prior to purchasing encapsulating and/or pill press equipment. CHEN further stated once the DEA Form 452 is approved, the customer receives an identification number that is then provided to CHEN prior to her sending the customer any equipment. CHEN admitted she does not verify the identification number with DEA to ensure it is a valid identification number for that specific purchase. CHEN later contradicted her statement stating she sends her customer the information needed to apply for the DEA Form 452 after she sends the shipment. CHEN explained that a shipment takes 30 days to ship from China to the U.S. and the DEA Form 452 only requires a 15 day notice. The affiant asked why CHEN would send pill press equipment before a customer obtained the required documentation. CHEN responded CBP (U.S. Customs and Border Protection) inspects the shipments and they would seize a shipment that did not have the required paperwork. The affiant informed CHEN that not all shipments are inspected by CBP. CHEN acknowledged that CBP inspections are random. CHEN further added that she does have her customers sign that the equipment will not be used for illegal purposes.

Based on the previous statements made by CHEN, the affiant informed CHEN that as the U.S. sales representative, it appears she does not comply with the DEA Form 452 requirements when selling regulated equipment such as die molds and pill press machines. CHEN claimed she is not the only U.S. sales representative employed by her company. The affiant stated it was CHEN's name and likeness that appear on both websites. CHEN agreed it was her name and likeness but it is not her phone number. The affiant asked CHEN for her phone number and CHEN provided a China based number ending in 7122. The affiant advised CHEN that was the same phone number listed on both websites. It should be noted the 7122 number is currently displayed on the Chinese based company website.

The affiant asked CHEN if the company she works for sells die molds. CHEN explained if a customer orders a pill press machine, the company provides the die molds for the machine purchased however, if a customer wants a die mold she refers them to another company located in Shanghai, China. CHEN believes her boss owns the other company. The affiant asked if CHEN has sold any M30 die molds. CHEN stated the company she works for has not made the M30 die mold since 2015 or 2017. CHEN explained when a customer asks for a die mold, she conducts a Google search for the design to verify whether the die mold is used for food or drug purposes. If the mold is not used for food or drug purposes, her company will make the die mold.

The affiant asked CHEN if she would feel responsible if one of her family members visited the U.S. and overdosed on a counterfeit pill that was produced with equipment CHEN supplied a customer. The affiant explained that by CHEN supplying regulated pill press equipment to individuals that are not in compliance with the requirements, she can be involved in a conspiracy if the equipment is used for illegal purposes. CHEN stated from now on she will change her practices and start sending the equipment after the DEA Form 452 is approved. The affiant explained to CHEN that this is something she should have been doing for the last eight years. An extraction of CHEN's cellular phone was conducted. Chen was provided her documents and cellular phone and was admitted to the U.S.

In May 2023, HSI agents conducted an examination of the data extracted from CHEN's phone. The extraction was for an iPhone with phone number identified as CH7122, which is the same number provided by CHEN during her interview. Agents discovered numerous exchange of messages between CHEN and her U.S. based customers ranging from July 2018, up to the date of the phone extraction. Upon review of the messages, agents found numerous customers telling CHEN that they would not be able to obtain the DEA Form 452. CHEN responded by informing her customers that they will dismantle the pill press machine and send it in two or three separate shipments. Through affiant's training and experience affiant believes that Chinese companies break down the pill press machines to deter detection by CBP. The affiant did not find any messages of CHEN asking her customers if the equipment would be used for illegal purposes. Based on affiant's experience, she believes CHEN is aware that some of her customers are using the equipment for illegal purposes by continuing to facilitate the distribution of M30 die molds.

Agents reviewed an exchange of messages from an instant messaging application between CHEN and "Monica" which span from March 30, 2020 to October 15, 2020. The messages are in the Chinese language and have been translated into the English language. Below is a non-verbatim synopsis of the exchange of messages between CHEN and "Monica."

CHEN asks "Monica" how she collects payment for the molds over there? "Monica" replies it's the same as now, and mentions an exception of a specific payment remittance company. CHEN responds Pay to our own account or do you have other accounts for your customers? "Monica" replies other account. CHEN asks "Monica" if the price is the same as their current price? "Monica" tells CHEN the prices are the same so let's find agents on both sides, because they are leaving the current company in order to reduce the correlation and avoid problems later. CHEN asks "Monica" if her name is still going to be Monica and continued to laugh evilly."

Agents reviewed an exchange of messages from an instant messaging application between CHEN and "Monica" which span from October 15, 2020 to September 30, 2022. The messages are in the Chinese language and have been translated into the English language. Below is a non-verbatim synopsis of the exchange of messages between CHEN and "Monica."

CHEN tells "Monica" she is now working in the mold industry right? She will become a separate company after she achieves some success. CHEN states older brother also has a project, but has not been launched yet. This is also the plan when it is launched. CHEN asks "Monica" if her mold business is doing well over there? "Monica" informs CHEN the mold business can't be

seen. "Monica" asks CHEN if they asked her to develop business? "Monica" says she developed molds and got involved in the printing. CHEN asks "Monica" if a specific mold is still being made because she didn't see it on the list. "Monica" replies it is, it's with me. CHEN responds okay, then let's send the goods together. CHEN sends "Monica" a hand drawn picture of a custom die mold and asks "Monica" if she had previously asked her to make that die mold, why is the price so high. "Monica" replies it is a high speed punch.

Agents read an exchange of messages between CHEN and a customer named "Roger." The exchange of messages with "Roger" span from July 6, 2020 to November 23, 2022. In the messages "Roger" tells CHEN that an employee of a shipping company "said if the merchandise is a 1000 dollar value is necessary pay the tax, but if you declare less than 1000 usd no need to pay anything. "Roger" informs CHEN to "please put the value is less than 1000 usd for the remaining shipments." CHEN replies "no problem." "Roger" also tells CHEN to "never send nothing under my name", "I change the phone the name and address" and CHEN replies "smart." "Roger" requests CHEN send a video and manual of how to assemble the pill press machine. "Roger" asks for specifications on the ZP-9 pill press machine he is interested in purchasing and tells CHEN "because our workplace is only 6 feet tall." CHEN provides the measurements to "Roger." In another message "Roger" is in the process of ordering more equipment from CHEN and "Roger" informs CHEN to "put replacement truck parts please in the custom paper declaration" and CHEN responds "OK." "Roger" messages CHEN "Dear I need you help about the dies and punch" "you know of any company that you can recommend me, that does them with the same quality of your company" "I don't have anyone who can make those pieces for me." CHEN responds "Hello Roger, I know someone in our local store that makes die but I Cannot make sure if they make the same quality." "Roger" responds "Well, I would have to try them, because I don't really have anyone who can do them for me" "Is possible you give me the contact?" Later the same day "Roger" messages CHEN "please don't forget to give me the contact of person who makes the dies and punch." The following day "Roger" messages CHEN "Many thanks dear the person as you recommended is contact to me about the dies and punch many many thanks." CHEN responded "I haven't recommended any one." "Roger" messages "I received the message from a person about the dies and punch" "Roger" provided "Monica" a www.com address associated to die mold sells. CHEN responded "May I know who contacted you?" "Roger" provided CHEN a China based phone number ending in 3895 (hereafter referred to as CH3895) and informed CHEN "The name is MONICA." CHEN responds "I know who she is now" "Let me check with her." "Roger" replies "Ok please." "Is a safe make a business with her?" CHEN replies "She is safe but I don't know about the website." Later CHEN informs "Roger" "I asked Monica and you are okay to do business with her." "She enters into mold business now." "Roger" responds "Ok perfect" "many thanks." It should noted upon review of CHEN's phone extraction, agents found CH3895 as a saved contact named "Monica."

A law enforcement database check revealed a shipment from a China based company with the same address as the company CHEN works for manifested as "fuel injector." The shipment was destined for the same address "Roger" provided CHEN. The date of the shipment coincides with the messages between "Roger" and CHEN. Based on affiant's experience, shipments from China

containing regulated or sensitive equipment such as pill press machines and/or pill press accessories are mis-manifested by the seller to evade detection and a possible seizure by CBP.

After reviewing the exchange of messages between CHEN and "Roger" in reference to "Monica" contacting "Roger" for the die molds, agents once again reviewed the messages between CHEN and "Monica." Agents found a message that corresponds with the time frame of "Roger's" messages where CHEN tells "Monica" now the mold is handed over to her. CHEN saw that "Monica" used her personal mobile phone number, and asks if she is responsible for any problems that arise later? "Monica" replies No, it's not from our side.

In June 2023, an HSI undercover agent (UCA) from a location within the Western District of Texas, posed as a buyer and contacted CHEN via an instant messaging application with phone number CH7122 inquiring about purchasing a M30 die mold. The UCA only inquired about the trademarked M30 die molds directly to CH7122 and shortly thereafter the UCA received a message from an individual who introduced herself as "Monica."

"Monica" responded to the UCA using an instant messaging application with China based phone number ending in 8999. The UCA inquired about purchasing two M30 die mold sets and a TDP5 tableting machine. "Monica" quoted a price of $1,200 for the TDP5 and $99 for each M30 die mold set. The UCA asked "Monica" if it would be safe from Customs (U.S. Customs and Border Protection) and "Monica" replied the molds are sensitive items and there is a certain risk of being confiscated by Customs but they would send them to a safe point of logistics. "Monica" asked the UCA is he/she could apply with DEA stating if so they could ship the entire machine to the logistics department. If not, it would need to be dismantled and shipped. The UCA informed "Monica" it wasn't possible to apply with DEA and asked how many shipments it would come in. "Monica" stated it would be delivered in two express packages.

The UCA paid for the purchase for the two M30 die mold sets and the TDP5 tableting machine with a bitcoin wallet provided by "Monica." A box containing two M30 die mold sets arrived at the covert address provided by the UCA which is located in the Western District of Texas. The box containing the M30 die mold sets was falsely manifested as "sofa cover" to avoid inspection by CBP. "Monica" messaged the UCA a link to a www.com address that describes the company as "a professional manufacturer of high-precision tablet press molds" and informed the UCA "Do you need any other molds? This is the website." The shipment containing the TDP5 tableting machine arrived in three boxes on one wooden pallet to the same address provided by the UCA located in the Western District of Texas. The shipment was manifested as machine accessories, machine accessories, and pieces which is falsely manifested as it is a pill press machine.

On at least two separate occasions affiant is aware of customers and or UCAs contacting CHEN inquiring about die molds and shortly thereafter both received messages from "Monica" responding to their original inquiry to CHEN regarding a die mold. The www.com address "Monica" provided to "Roger" and the UCA has an online video sharing website with five videos posted related to various types of pill press equipment. Four out of the videos shown lists the name "Monica" and a China based phone number ending in 3895.

In September 2023, the HSI UCA utilizing a different phone number, posed as a buyer and contacted CHEN via an instant messaging application with phone number CH7122 inquiring about purchasing a TDP1.5 tableting machine. CHEN responded asking what state the UCA resided in and the UCA responded "Texas." CHEN informed the UCA that her colleague "Inna" would be contacting him/her.  On the same day, the UCA received an instant messaging application message from "Inna" utilizing a Chinese based phone number ending in 0188, stating "hi friend we received an inquiry from you about the tablet press machine." The UCA inquired about purchasing a TDP1.5 tableting machine and asked for a quote with shipping. "Inna" quoted a total price of $1,657 for the TDP1.5 with shipping. "Inna" asked the UCA if he/she would be able to get permission from DEA and the UCA informed "Inna" that was not possible. "Inna" expressed concerns about the shipment being seized by Customs and asked if the UCA had a friend that would be able to get DEA permission. The UCA informed "Inna" that wasn't possible. "Inna" stated they would ship the machine if the UCA would take full responsibility since it was a high risk shipment. The UCA accepted responsibility and arranged to pay for the TDP1.5 via bank transfer.

The UCA completed the purchase for the TDP1.5 tableting machine which later arrived in three separate shipments at the covert address provided by the UCA located in the Western District of Texas. The shipments were each falsely manifested as "packing machine frame," "electric motor," and "accessories (handwheel, hopper shaft motor board)" to avoid inspection by CBP.  It should noted upon review of CHEN's phone extraction, agents found CH1088 as a saved contact named "Inna."

In October 2023, the Chinese company that employs Chen and is currently being investigated by HSI, was in attendance at an expo/ trade show held at a casino in Las Vegas, Nevada. An expo/ tradeshow in an event where businesses and professionals can display their company products and innovations. HSI UCAs attended the expo and engaged in conversation with CHEN who was manning the booth. The UCA informed CHEN that he/she purchased a TDP5 and TDP1.5 with "Monica" and "Inna." The UCA informed CHEN he/she sent CHEN a message first. CHEN responded to the UCA "sometimes I don't deal with customers directly I let them (meaning "Monica" and "Inna") do the customers sales job." The affiant has reason to believe CHEN will be attending the same expo/ trade show being held at the same casino in Las Vegas starting October 28, 2024. The affiant conducted a law enforcement database query on CHEN and learned that CHEN arrived from China to the Los Angeles International Airport on October 15, 2024. CHEN provided her U.S. issued B1/B2 visa to CBP as her entry document upon her arrival.

Based on the information provided above it is believed that CHEN is in violation of 21 USC 843(a)(5) Prohibited Acts C- Unlawful acts it shall be unlawful for any person knowingly or intentionally make, distribute or possess any punch, die, plate, stone, or other thing designed to print, imprint, or reproduce the trademark, trade name, or other identifying mark, imprint, or device of another or any likeness of any of the foregoing upon and drug or container or labeling thereof so as to render such drug a counterfeit substance, 21 USC 843(a)(7) To manufacture, distribute, export, or import any three-neck round bottom flask, tableting machine, encapsulating

machine, or gelatin capsule, or any equipment, chemical, product, or material which may be used to manufacture a controlled substance or listed chemical, knowing, intending, or having reasonable cause to believe, that it will be used to manufacture a controlled substance or listed chemical in violation of this subchapter or subchapter II or, in the case of an exportation, in violation of this subchapter or subchapter II or of the laws of the country to which it is exported and 21USC846  Attempt and Conspiracy- Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt of the conspiracy.

1   JASON M. FRIERSON
    United States Attorney
2   District of Nevada
    Nevada Bar Number 7709
3   DAVID KIEBLER
    Nevada Bar Number 16724
4   Assistant United States Attorney
    501 Las Vegas Blvd. South, Suite 1100
5   Las Vegas, Nevada 89101
    (702) 388-6336
6   david.kiebler@usdoj.gov

7   *Attorneys for the United States*

8                    **UNITED STATES DISTRICT COURT**
                          **DISTRICT OF NEVADA**
9

10  UNITED STATES OF AMERICA,              Case No. 2:24-mj-896-NJK

11          v.                             **Motion for Government Attorney**
                                           **Appearance Under Local Rule IA 11-3**
12  XIAOFEI CHEN,

13                  Defendant.

14

15          The United States of America, by and through Assistant U.S. Attorney David

16  Kiebler, respectfully moves, pursuant to Local Rule IA 11-3, that Sarah William, Senior

17  Trial Attorney, Edward Emokpae, and Scott B. Dahlquist, Trial Attorneys, all with the

18  Consumer Protection Branch of the Civil Division of the United States Department of

19  Justice, be permitted to appear before this Court in the above-captioned case.

20          Ms. Williams is a member in good standing of the bar of the District of Columbia.

21  Mr. Emokpae is a member in good standing of the bar of the State of Maryland. Mr.

22  Dahlquist is a member in good standing of the bar of the State of Virginia. They are

23  employed by the United States as attorneys, and, in the course and scope of their

24  employment, they have occasion to appear before the Court on behalf of the United States

1    in connection with the above-captioned matter.

2        Contact information is provided below:

3    Sarah Williams                          Edward E. Emokpae
     Senior Trial Attorney                   Trial Attorney
4    U.S. Department of Justice              U.S. Department of Justice
     Consumer Protection Branch              Consumer Protection Branch
5    P.O Box 386                             P.O Box 386
     Washington DC 20044                     Washington DC 20044
6    Tel: 202-616-4269                       Tel: 202-305-4923
     Email: sarah.williams@usdoj.gov         Email: Edward.e.emokpae@usdoj.gov
7
     Scott B. Dahlquist
8    Trial Attorney
     U.S. Department of Justice
9    Consumer Protection Branch
     P.O. Box 386
10   Washington DC 20044
     Tel: 202-532-4602
11   Email: scott.b.dahlquist@usdoj.gov

12   Dated: October 30, 2024

13                                           Respectfully submitted,

14
                                             /s/ David Kiebler_____
15                                           David Kiebler
                                             Assistant United States Attorney
16

17

18       IT IS SO ORDERED:        _____
19                                HONORABLE NANCY J. KOPPE
                                  UNITED STATES MAGISTRATE JUDGE
20

21
         Dated: _____
22

23

24

                                   2

1  JASON M. FRIERSON
   United States Attorney
2  District of Nevada
   Nevada Bar Number 7709
3  DAVID KIEBLER
   Nevada Bar Number 16724
4  Assistant United States Attorney
   501 Las Vegas Blvd. South, Suite 1100
5  Las Vegas, Nevada 89101
   (702) 388-6336
6  david.kiebler@usdoj.gov

7  *Attorneys for the United States*

8          **UNITED STATES DISTRICT COURT**
               **DISTRICT OF NEVADA**
9

10  UNITED STATES OF AMERICA,          Case No. 2:24-mj-896-NJK

11          v.                          **Motion for Government Attorney
                                        Appearance Under Local Rule IA 11-3**
12  XIAOFEI CHEN,

13              Defendant.

14

15          The United States of America, by and through Assistant U.S. Attorney David

16  Kiebler, respectfully moves, pursuant to Local Rule IA 11-3, that Sarah William, Senior

17  Trial Attorney, Edward Emokpae, and Scott B. Dahlquist, Trial Attorneys, all with the

18  Consumer Protection Branch of the Civil Division of the United States Department of

19  Justice, be permitted to appear before this Court in the above-captioned case.

20          Ms. Williams is a member in good standing of the bar of the District of Columbia.

21  Mr. Emokpae is a member in good standing of the bar of the State of Maryland. Mr.

22  Dahlquist is a member in good standing of the bar of the State of Virginia. They are

23  employed by the United States as attorneys, and, in the course and scope of their

24  employment, they have occasion to appear before the Court on behalf of the United States

in connection with the above-captioned matter.

Contact information is provided below:

Sarah Williams                           Edward E. Emokpae
Senior Trial Attorney                    Trial Attorney
U.S. Department of Justice               U.S. Department of Justice
Consumer Protection Branch               Consumer Protection Branch
P.O Box 386                              P.O Box 386
Washington DC 20044                      Washington DC 20044
Tel: 202-616-4269                        Tel: 202-305-4923
Email: sarah.williams@usdoj.gov          Email: Edward.e.emokpae@usdoj.gov

Scott B. Dahlquist
Trial Attorney
U.S. Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington DC 20044
Tel: 202-532-4602
Email: scott.b.dahlquist@usdoj.gov

Dated: October 30, 2024

Respectfully submitted,

/s/ David Kiebler_____
David Kiebler
Assistant United States Attorney

IT IS SO ORDERED:

_____
HONORABLE NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

Dated: October 30, 2024
_____

RECEIVED
ENTERED                    SERVED ON
              COUNSEL/PARTIES OF RECORD

OCT 30 2024

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY:_____DEPUTY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,      )
                               )
Plaintiff,                     )
                               )      Case # Z!24-mj-00896-NJK
vs.                            )
                               )
Xiaofei  Chen                  )      **DESIGNATION OF RETAINED COUNSEL**
                               )      **AND APPEARANCE PRAECIPE**
                               )
Defendant.                     )

    The undersigned defendant hereby appoints ____Lawrence  Hill____

to appear generally for him/her as his/her attorney and counselor at law throughout all proceedings in

this case unless this appointment be sooner revoked.

DATED: ____10/30/2024____          ____Chen Xiaofei____
                                   Defendant's signature

**APPEARANCE PRAECIPE**

    I hereby accept the foregoing appointment and request the Clerk to enter my appearance as

attorney for the defendant, in response to the foregoing designation.

    I personally will appear at all proceedings in this case.  I understand that no other attorney

may appear in my place unless prior permission is granted by the Court, and then ONLY when

consent of the defendant has been obtained and filed with the Clerk.

    I further state that I realize it is my responsibility to keep the defendant advised as to all

proceedings in this case and to inform him/her when to appear in Court, and also to notify the Clerk of

any change in my address or telephone number.

DATED: ____10/30/2024____          _____
                                   Attorney's signature
                                   2020 W. Sunset Road
                                   Attorney's address
                                   Henderson, NV 89014
                                   _____

                                   702-530-5688
                                   Attorney's phone number

                                   Revised 6/15/09

AO 466A (Rev. 12/17)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

RECEIVED
ENTERED                    SERVED ON
COUNSEL/PARTIES OF RECORD

OCT 3 0 2024

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT
for the

District of Nevada

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.  2:24-mj-00896-NJK |
| XIAOFEI CHEN | ) | |
| | ) | Charging District's Case No.  3:24-mj-04440-ATB |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*      Western District of Texas

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)    an identity hearing to determine whether I am the person named in the charges;

(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)    a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)    a hearing on any motion by the government for detention;

(6)    request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑    an identity hearing and production of the warrant.

☐    a preliminary hearing.

☐    a detention hearing.

☐    an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district.  I request that my
☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:      10/30/2024
_____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Lawrence Hill
_____
*Printed name of defendant's attorney*

AO 94 (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
for the

District of Nevada

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 2:24-mj-00896-NJK |
| XIAOFEI CHEN | ) | |
| | ) | Charging District's |
| *Defendant* | ) | Case No. 3:24-mj-04440-ATB |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the ___Western___ District of ___Texas___ ,

*(if applicable)* ___El Paso___ division. The defendant may need an interpreter for this language:

___Mandarin Chinese___ .

The defendant: ☐ will retain an attorney.

☑ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: ___10/30/2024___         _____
                                *Judge's signature*

                      ___NANCY J. KOPPE, UNITED STATES MAGISTRATE JUDGE___
                                *Printed name and title*



AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

District of Nevada

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No.  2:24-mj-00896-NJK |
| XIAOFEI CHEN | ) |
| _____ | ) |
| *Defendant* | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒**B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒**C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

**Part III - Analysis and Statement of the Reasons for Detention**

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☐ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district

- [ ] Significant family or other ties outside the United States
- [ ] Lack of legal status in the United States
- [ ] Subject to removal or deportation after serving any period of incarceration
- [ ] Prior failure to appear in court as ordered
- [ ] Prior attempt(s) to evade law enforcement
- [ ] Use of alias(es) or false documents
- [ ] Background information unknown or unverified
- [ ] Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

See Attachment.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:          10/30/2024

NANCY J. KOPPE, United States Magistrate Judge

## ATTACHMENT

Based on the charges in the complaint, the Court finds that there is a rebuttable presumption that the defendant is a risk of nonappearance and a danger to the community.  The defendant is a Chinese national, is a citizen of China, has a Chinese passport, and ICE has lodged a detainer against her.  The defendant has been employed at a company that sells die molds and pill presses for about eight years.  When she spoke with an HSI agent in Dallas/ Fort Worth, the defendant admitted to having worked for that company for eight years but lied to the agent about her knowledge of what she was doing and whether she was selling die molds and pill press machines.  The affidavit in the complaint sets forth that the defendant's name, picture, and phone number are on the website as a contact person for these sales.  When confronted with that information by the HSI agent, the defendant admitted that was her name and picture, but stated that the phone number listed was not her phone number.  According to the HSI agent, the phone number listed was actually the phone number to the phone she had on her person.  The defendant lied about selling M30 die molds, she lied about her knowledge of the foreign process, and she lied about what she informs customers.  The defendant said that Customs will seize the packages if they don't have the proper paperwork, although she then admitted that Customs does not always seize those packages.  In April of 2023, the defendant was made aware of her potential involvement in a conspiracy in a federal crime and said she would stop doing it.  In May of 2023, the phone that she had on her at the time she spoke to the HSI agent was examined and it was determined that she told customers that shipments of pill press machines would be dismantled so that they would not be detected by Customs.  The defendant also discussed sales of pill press machines, die molds, and how to avoid taxes by changing prices.  The defendant also talked about mis-manifestation of shipments.  In June of 2023, an HSI agent contacted the defendant to buy an M30 die mold.  The defendant sent that agent to "Monica," who completed the sale, which was mis-manifested as machine accessories.  The HSI agent also contacted the defendant to buy a tablet press machine.  The defendant sent that sale to "Inna." That machine was sent in three separate shipments to avoid detection and was also mis-manifested.  In October of 2023, when the HSI agent spoke to the defendant at a convention in Las Vegas, the defendant confirmed that she had been involved in those sales.  The continuance of all the sales proffered demonstrate that the defendant poses a danger to the community.  The defendant has no financial or property ties to this or any other community in the United States.  The defendant has specifically lied to an HSI agent regarding her involvement in the alleged conspiracy.  As a result, the Court finds that the defendant has not rebutted the presumption in this case and that there are no conditions or combination of conditions that the Court could fashion at this time to reasonably assure the defendant's future appearance in Court or to protect the community against the risk of danger posed by the defendant.  Accordingly, the defendant is ORDERED DETAINED, as a risk of nonappearance and a danger to the community, pending trial.

CLOSED,INTERPRETER,CUSTODY-Federal,Restraint_None

# United States District Court
## District of Nevada (Las Vegas)
## CRIMINAL DOCKET FOR CASE #: 2:24-mj-00896-NJK All Defendants

Case title: USA v. Chen

Date Filed: 10/30/2024

Date Terminated: 11/14/2024

Assigned to: Magistrate Judge Nancy J. Koppe

**Defendant (1)**

**Xiaofei Chen**
*TERMINATED: 11/14/2024*

represented by **Lawrence C Hill**
Lawrence C. Hill & Associates
3430 E. Flamingo Road, Suite 232
Las Vegas, NV 89121
United Sta
702-530-5688
Fax: 702-666-9109
Email: Larry@LVLegalHelp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| Rule 5 | Transmitted on 11/14/2024 |

**Plaintiff**

**USA**

represented by **David C Kiebler**
DOJ-USAO
U.S. Attorney's Office - District of Nevada
501 Las Vegas Boulevard South
Suite 1100
Las Vegas, NV 89101
702-388-6519
Email: david.kiebler@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: USA*

**Edward E. Emokpae**
U.S. DOJ
PO Box 386
Washington, DC 20044
202-305-4923
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: USA*

**Sarah Williams**
Civil Division
PO Box 386
Washington, DC 20044
202-616-4269
Fax: 202-514-8742
Email: sarah.williams@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: USA*

**Scott B. Dahlquist**
U.S. DOJ
PO Box 386
Washington, DC 20044
202532-4602
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: USA*

| Date Filed | # | Select all / clear | Docket Text |
|---|---|---|---|
| 10/30/2024 | | | Case assigned to Magistrate Judge Nancy J. Koppe. (TM) (Entered: 10/30/2024) |
| 10/30/2024 | 1 | ☑ | Rule 5(c)(3) Documents Received as to Xiaofei Chen. Documents received from Western District of Texas include Warrant, Complaint. (ALZ) (Entered: 10/30/2024) |
| 10/30/2024 | 2 | ☑ | MOTION to Admit Government Attorney Edward E. Emokpae by USA as to Xiaofei Chen. (Kiebler, David) (Entered: 10/30/2024) |
| 10/30/2024 | 3 | ☑ | ORDER granting 2 Motion to Permit Appearance by Government Attorneys : Added attorneys Sarah Williams,Edward E. Emokpae, Scott B. Dahlquist for |

| | | | |
|---|---|---|---|
| | | | USA.. Signed by Magistrate Judge Nancy J. Koppe on 10/30/2024. (Copies have been distributed pursuant to the NEF - DRM) (Entered: 10/30/2024) |
| 10/30/2024 | 4 | | MINUTES OF PROCEEDINGS - Initial Appearance in Rule 5(c)(3) Proceeding as to Xiaofei Chen held on 10/30/2024 before Magistrate Judge Nancy J. Koppe. Crtrm Administrator: *A. Caytuero*; AUSA: *Edward E. Emokpae & David C. Kiebler*; Def Counsel: *Lawrence C. Hill, Esq.*; PTS: *Shiloh Badaway & Erin Oliver*; Court Reporter/Recorder: *Liberty/ CRD*; Recording start and end times: *2:59:28 - 3:27:58*; Time of Hearing: *2:59 PM - 3:27 PM*; Interpreter: *Wai Mei Borgel*; Language: *Mandarin Chinese*; Courtroom: *3C*; Defendant is present and in custody with a Mandarin Chinese Interpreter. Defendant is in no restraints during this court proceeding. Defense counsel retained. Attorney Lawrence C. Hill files a Designation of Retained Counsel in open court. Defendant is advised of her rights/ charges. Waiver of Identity Hearing is filed. ORDERED that the Defendant is identified as the named defendant in Complaint and is held to answer in the Western District of Texas (El Paso). The Court issues an oral order to the parties confirming the United States' *Brady* obligations. Government moves for detention. Detention hearing proceeds. IT IS ORDERED that the Defendant is detained pending trial. Defendant is remanded to custody. Rule 5 deadline is set for <u>November 6, 2024</u>.<br><br>Status Conference re Transport is set for **<u>Wednesday, November 20, 2024, at 04:00 PM in LV Courtroom 3C</u>** before Magistrate Judge Nancy J. Koppe.<br><br>**(no image attached)** (Copies have been distributed pursuant to the NEF - AC) (Entered: 11/01/2024) |
| 10/30/2024 | 5 | | MINUTE ORDER IN CHAMBERS of the Honorable Magistrate Judge Nancy J. Koppe, as to Xiaofei Chen on 10/30/2024, by Deputy Clerk: A. Caytuero.<br><br>Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the government has a continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price*, 566 F.3d 900,913 n.14 (9th Cir. 2009). Accordingly, the court orders the government to produce to the defendant in a timely manner all such information or evidence.<br><br>Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of the defendant with full disclosure being made.<br><br>If the government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include in camera review and/or withholding or subjecting to a protective order all or part of the information.<br><br>This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating |

| | | | |
|---|---|---|---|
| | | | either this Disclosure Order or the government's obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the government's obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017), quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012).<br><br>**(no image attached)** (Copies have been distributed pursuant to the NEF - AC) (Entered: 11/01/2024) |
| 10/30/2024 | 6 | ☑ | DESIGNATION of Retained Counsel and Appearance Praecipe by Lawrence C Hill on behalf of Xiaofei Chen. (MAM) (Entered: 11/04/2024) |
| 10/30/2024 | 7 | ☑ | WAIVER of Rule 5(c)(3) Hearings by Xiaofei Chen. (MAM) (Entered: 11/04/2024) |
| 10/30/2024 | 8 | ☑ | COMMITMENT TO ANOTHER DISTRICT as to Xiaofei Chen. Defendant committed to Western District of Texas. Signed by Magistrate Judge Nancy J. Koppe on 10/30/2024. (Copies have been distributed pursuant to the NEF - MAM) (Entered: 11/05/2024) |
| 10/30/2024 | 9 | ☑ | ORDER OF DETENTION as to Xiaofei Chen. Defendant shall be detained pending trial. Signed by Magistrate Judge Nancy J. Koppe on 10/30/2024. (Copies have been distributed pursuant to the NEF - AC) (Entered: 11/06/2024) |
| 11/14/2024 | 10 | | TRANSMITTAL to Western District of Texas.<br>Your case number: EP: 24-M-04440-ATB.<br>Our case number: 2:24-mj-00896.<br>Please be advised that Defendant Xiaofei Chen was arrested in the District of Nevada, Las Vegas on a warrant issued by the District of Western District of Texas and appeared before United States Magistrate Judge Nancy J. Koppe on 10/30/2024.<br>The Defendant was ordered detained and remanded to the custody of the United States Marshal for transport.<br>All documents completed in this district may be accessed via PACER and our website at https://ecf.nvd.uscourts.gov.<br>(cc: WD/TX - ALZ) (Entered: 11/14/2024) |

View Selected

or

Download Selected