# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>XAIOFEI CHEN,<br>a/k/a "Sophie Chen" and "陈晓飞"<br>  Defendant. | §<br>§<br>§<br>§<br>§   CAUSE NO. EP-24-CR-02635-KC<br>§<br>§<br>§<br>§<br>§<br>§ |

## UNOPPOSED MOTION TO DESIGNATE CASE COMPLEX AND TOLL SPEEDY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, by and through the United States Attorney for the Western District of Texas, respectfully submits this Unopposed Motion to Designate Case Complex and Toll Speedy Trial, and for cause would respectfully show this Honorable Court the following:

## BACKGROUND

Defendant Xaiofei Chen is charged by indictment with two counts. The indictment alleges Defendant Chen, knowingly, intentionally, and unlawfully conspired to distribute and import a tableting machine, and any other equipment which may be used to manufacture controlled substance, knowing, intending, and having reasonable cause to believe that it will be used to manufacture a controlled substance. The indictment also alleges that the Defendant Chen, knowingly, intentionally, and unlawfully conspired to distribute any die and other thing designed to print, imprint and reproduce the trademark, trade name, other identifying mark and imprint of another upon any drug and labeling thereof so as to render such a drug a counterfeit substance. The penalty range on all counts is up to four years imprisonment, a maximum $250,000.00 fine

and up to three years of supervised release. Defendant is currently detained in the above-captioned case. The defendant entered a plea of not guilty at her arraignment hearing before Honorable U.S. Magistrate Mike Torres on January 3, 2025. The case is set for a status conference on February 26, 2025.

This case involves hundreds of items of discovery, including, but not limited to, reports of investigation, emails, and financial records. The Government requests that this case be designated as a complex case. Counsel for the Government has conferred with counsel for Defendant, and on January 16, 2025, defense counsel indicated via email that he does not oppose this Motion.

## II.
## ARGUMENT

The Speedy Trial Act, 18 U.S.C. § 3161, et seq., requires that federal criminal defendants pleading not guilty be tried within seventy (70) days of their indictment or their first appearance before a judicial officer, whichever occurs last. 18 U.S.C. § 3161(c)(1); *United States v. Kingston*, 875 F.2d 1091, 1107 (5th Cir. 1989). If the defendant is not brought to trial within this period, then the indictment must be dismissed. 18 U.S.C. § 3162(a)(2). The Act, however, excludes from the calculation of this 70-day period certain specified delays, including:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counselor at the request of the attorney for the government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay ... shall be excludable ... unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. §3161(h)(7)(A).

The Fifth Circuit counsels that courts granting an "ends of justice" continuance must consider at least one of the factors specified by the Act. *United States v. Ortega-Mena*, 949 F.2d 156, 159 (5th Cir. 1991). The factors applicable to this case include:

(i) Whether the failure to grant such a continuance in the proceeding would ... result in a miscarriage of justice; (18 U.S.C. § 3161(7)(B)(i));

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established [by the Speedy Trial Act]; and

(iii) Whether the failure to grant such a continuance which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would ... deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(7)(B)(i), (ii) & (iv).

In this case, the Government seeks a designation of the case as "unusual and complex." The discovery is voluminous consisting of hundreds of pages. It entails, among other things, reports of investigation, financial records, text messages, and a cellular phone extraction. The Government submits the amount of discovery in this case requires further time for trial preparation both by the Government and defendant. It is reasonable to believe that an analysis of this information, its admissibility and its impact on the case will take more than the 70-days allotted under the Speedy Trial Act.

Under Fifth Circuit precedent, it's in the Court's discretion to designate this case as complex, and, in turn, the ends of justice require tolling the Speedy Trial Act. The Government's request is consistent with Fifth Circuit case law holding that a designation based on the volume of discovery and the complexity of the case is consistent with cases interpreting section 3161(h)(7). *United States v. Bieganowski*, 313 F.3d 264, 282 (5th Cir. 2002), *citing United States v. Dota*, 33

f.,3d 1179, 1183 (9th Cir. 1994) (finding that "[a]n ends-of-justice continuance may be justified on grounds that one side needs more time to prepare for trial"); *United States v. Wellington*, 754 F.2d 1457, 1467 (9th Cir. 1985) (upholding the complexity of a mail fraud prosecution as a proper ground for the granting of a continuance); *United States v. Chalkias,* 971 F.2d 1206, 1211 (6th Cir. 1992) (upholding the grant of a continuance based on the complexity of an interstate cocaine conspiracy); and *United States v. Thomas,* 774 F.2d 807, 811 (7th Cir. 1985) (upholding an ends-of-justice continuance based on the complexity of a fraud case with numerous defendants and thousands of financial documents).

The Government respectfully submits that a tolling of the Speedy Trial Act is appropriate in this case, based on the foregoing factors.

## III.
## CONCLUSION

WHEREFORE, premises considered, the Government respectfully requests that the Court grant its Unopposed Motion in all respects and order the relief requested.


Respectfully submitted,

JAIME ESPARZA
UNITED STATES ATTORNEY


By:    */s/*
Laura Franco Gregory
Assistant U.S. Attorney
Texas Bar # 24007199
700 E. San Antonio, Suite 200
El Paso, Texas 79901
(915) 534-6884

## CERTIFICATE OF SERVICE

      I certify that on January 16, 2025, I electronically filed this document with the Clerk of Court using the CM/ECF system. The CM/ECF system will send notification to the following CM/ECF participant(s): **Vikas Bajaj,** vbajaj@bajajlaw.com

      By:      */s/*
            LAURA FRANCO GREGORY
            Assistant U. S. Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  §<br>§<br>    **Plaintiff,**  §<br>§<br>v.  §<br>§<br>**XAIOFEI CHEN**,  §<br>a/k/a "Sophie Chen" and "陈晓飞"  §<br>§<br>    **Defendant.**  § | **CAUSE NO. EP-24-CR-02635-KC** |

### ORDER ON GOVERNMENT'S MOTION TO DESIGNATE CASE COMPLEX AND TOLL SPEEDY TRIAL

Came on this date to be considered the Government's Unopposed Motion to Designate Case Complex and Toll Speedy Trial in the above styled cause, and after considering the same, the Court is of the opinion that it should be GRANTED.

THE COURT HEREBY FINDS that the ends of justice outweigh the interests of the public and the defendant in a speedy trial, based on the following factors:

1. The issues and facts in this case are unusual and complex, and it is unreasonable to expect adequate preparation for pretrial proceedings and the trial itself within the time limits established by the Speedy Trial Act; and

IT IS HEREBY ORDERED that the case is set for the _____, 2025 status conference.

IT IS ORDERED that the time period between the filing of the Government's instant unopposed motion and the date set above for status conference is subject to exclusion under the provisions of Title 18, United States Code, section 3161(h)(7).

Signed this _____ day of _____, 2025.

_____
HONORABLE KATHLEEN CARDONE
UNITED STATES DISTRICT COURT JUDGE